240

FRATERNAL ORDER OF CIVITANS OF AMERICA, FORMERLY NORTH AKRON CIVITAN CLUB, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27314.   Promulgated November 14, 1952.

*Lawrence R. Bloomenthal, Esq.*, and *A. H. Ganger, Esq.*, for the petitioner.
*Charles R. Hembree, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The petitioner contends that it was exempt from taxation for the years 1945 and 1946 under section 101 (3) of the Internal Revenue Code which provides for the exemption of:

Fraternal beneficiary societies, orders, or associations, (A) operating under the lodge system or for the exclusive benefit of the members of a fraternity itself operating under the lodge system; and (B) providing for the payment of life, sick, accident, or other benefits to the members of such society, order, or association or their dependents.

The early history and meaning of this same provision in the Revenue Act of 1918 was discussed, with citations of and quotations from decided cases, in *Philadelphia & Reading Relief Association*, 4 B. T. A. 713, pp. 724–726. The general principles stated therein are applicable here. Cf. Words and Phrases, Permanent Edition, beginning at p. 514. The members of the petitioner had nothing in common, so far as this record shows, except that they were members of the petitioner and it is difficult to detect the fraternal bond required by the statute. It does not appear what, if anything, was ever done by the petitioner to accomplish any of the purposes set forth in its constitutions and by-laws. The petitioner was a beneficial society in the sense that its beneficial members could name beneficiaries who would be entitled to death benefits if the member died. The social members were not entitled to such benefits. No civic or charitable activities of the petitioner during the taxable years have been shown.

Section 29.101(3)–1 of Regulations 111 provides that " 'Operating under the lodge system' means carrying on its activities under a form of organization that comprises local branches, chartered by a parent organization and largely self-governing, called lodges, chapters, or the like." A similar regulation has been in effect since 1918 and should now have the force of law. The petitioner during the taxable years, at least until some time in the latter part of 1946, was not "operating under the lodge system" as that phrase is defined in the regulations in that the petitioner was the only organization of its kind in existence and the record does not show that there was any "parent organization" separate from the petitioner. (B), quoted above, would mean little if satisfied by a lodge which provides for the payment of death benefits to the beneficiaries named by one class of members regardless of whether those named are dependents and which provides for the payment of no benefits to another class of members.

The petitioner has failed to show that it was exempt under section 101 (3). It does not claim exemption under any other provision. It offered no evidence to show that its failure to file returns was due to reasonable cause and not to willful neglect, does not state that there is an issue as to the additions under section 291, but merely concludes its brief by stating that no penalty is due because the officers sincerely believed it to be exempt and "the evidence clearly shows that their belief was well founded." The record does not justify a finding that the failure to file returns was due to reasonable cause and not to willful neglect.

*Decision will be entered under Rule 50.*